El Pueblo, Demandate y Apelado, *v.* Morales, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por acometimiento y agresión con agravantes.

No. 1998.—Resuelto en abril 9, 1923.

Suspensión del Juicio — Inspección Ocular — Discreción Judicial. — No habiendo el apelante demostrado que la corte abusara de su discreción al negarse a suspender el juicio y al decidir la cuestión relativa a la inspección ocular, es necesario concluir que no se han cometido los errores señalados.

Ataque con Intención de Cometer Violación — Acometimiento y Agresión Grave—Instrucción sobre la Edad del Acusado—Error no Perjudicial.— El delito imputado fué el de ataque para cometer violación. En sus instrucciones dijo el juez al jurado que podía también, de acuerdo con la evidencia, traer un veredicto de acometimiento y agresión grave por ser la agredida

una mujer. El juez no hizo referencia a que el acusado en tal caso debía
ser un varón adulto. Nada objetó el acusado, y el jurado lo declaró culpa-
ble de acometimiento y agresión grave. Levantada la cuestión en apelación,
*se decidió:* que aunque la instrucción fué defectuosa, atendidas todas las cir-
cunstancias concurrentes, el error cometido no había sido perjudicial ni lle-
vaba consigo la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. B. Esteves.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Se imputó al acusado la comisión de un delito de ataque
con intención de cometer violación. Se señaló la vista y en
el propio día señalado el acusado pidió a la corte que la
suspendiera porque estaban ausentes dos testigos suyos que
iban a declarar que el día a que se refiere la acusación el
acusado se hallaba trabajando con ellos en un sitio muy
distante del en que se alega que ocurrió el acto delictivo.
La corte no accedió. Comenzó el juicio. Se practicó la
prueba del Fiscal. El acusado solicitó que el jurado ins-
peccionara el sitio de la ocurrencia. El juez dijo al ju-
rado que a su juicio no debía acordarse la inspección
pero que dejaba el caso a la decisión del jurado y éste por
su propio acuerdo decidió que no era necesaria la inspección.
El acusado solicitó entonces de la corte que instruyera al ju-
rado en el sentido de rendir un veredicto de absolución, por
no haberse corroborado la declaración de la ofendida. Ne-
góse la corte y sometió el caso al jurado, con instrucciones,
para que lo juzgara en su totalidad y rindiera el veredicto
que estimara procedente. Una de las instrucciones, dice así:

"Si por el resultado de la prueba practicada ustedes creen que
el acusado trató de echar al suelo a esta mujer con la intención de
violarla debeis traer un veredicto de culpable por el delito de ataque
con intención de cometer violación. Si la evidencia introducida es
para un delito de acometimiento y agresión grave, por ejemplo si

el acusado quería darle un pescozón a esta mujer o se proponía vengarse de su marido, debeis traer un veredicto de acometimiento y agresión grave pues la presunta agredida es una mujer. Si Uds. creen que no se ha cometido ninguno de los dos delitos entonces debeis traer un veredicto de no culpable. Si teneis duda razonable de que se ha cometido delito alguno, entonces es vuestro deber dar al acusado el beneficio de la duda y debeis traer un veredicto de no culpable."

El jurado finalmente rindió un veredicto de culpable de acometimiento y agresión grave. Pidió el acusado un nuevo juicio, que le fué negado. Y la corte dictó sentencia condenando al acusado a sufrir dos años de cárcel. El acusado interpuso entonces el presente recurso de apelación contra la resolución denegatoria del nuevo juicio y contra la sentencia. En su alegato señala la comisión de seis errores y los discute. Al tratar del error error cometido por la corte al instruir al jurado en el sentido de que podía rendir un veredicto de acometimiento y agresión grave, dice:

"Entendemos que esta instrucción es errónea, porque por ella los señores Jurados han podido creer, como parece que creyeron, que la circunstancia de ser la agredida una mujer era por sí sola suficiente para determinar y calificar de grave la agresión.

"Nada se dijo al Jurado con respecto a la edad del acusado, elemento esencial en el delito de acometimiento y agresión grave, cuando el agresor es un varón *adulto* y la agredida una mujer. Este elemento, ha dicho esta Hon. Corte Suprema, debe quedar establecido por la prueba, sin que exista la presunción de que la corte (o el Jurado) juzgó la edad por la apariencia del acusado. (*El Pueblo v. Ortiz*, 29 D. P. R. 501.)"

Hay algo en el alegato del apelante que creemos conveniente transcribir:

"Y nos parece oportuno hacer constar, que no es nuestro propósito, ahora, solicitar y obtener de esta Hon. Corte Suprema la celebración de un nuevo juicio, ya que esto sería exponer al acusado a que lo pudieran declarar culpable de un delito más grave; pero, de

todos modos, habiendo el Jurado rendido un veredicto *nulo*, el cual fué aceptado por la corte de distrito, la sentencia que se fundó en ese veredicto es también nula y, por tanto, procede la absolución del acusado; a menos que esta Hon. Corte Suprema usara de su facultad para corregir la sentencia y ajustarla a la prueba, procediendo entonces a declarar culpable al acusado, de un delito de acometimiento y agresión simple, imponiendo la pena con arreglo a derecho.''

En cuanto a la suspensión del juicio, bastará decir que las circunstancias en que fué negada no revelan abuso de discreción por parte de la corte, y en cuanto a la inspección ocular, que el jurado finalmente resolvió por sí mismo. No se demostró ante el jurado, ni se ha demostrado ante nosotros, que fuera dicha inspección absolutamente necesaria. Nada indica que la corte abusara de la discreción de que también está investida en tales casos.

La instrucción de la corte en relación con el delito de acometimiento y agresión, es, sin duda alguna, deficiente. Debió referirse a la edad del acusado, pero éste no objetó, ni pidió que la instrucción fuera completada. Además, estudiada la evidencia encuéntrase en ella base suficiente para considerar culpable al acusado del delito más grave que se le imputó, siendo por tanto, la instrucción y el veredicto, favorables al mismo. *El Pueblo* v. *Figueroa,* 16 D. P. R. 373; *El Pueblo* v. *Solares,* 19 D. P. R. 445.

A virtud de lo expuesto, no habiéndose cometido error perjudicial alguno, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

> *Confirmada la resolución negando nuevo juicio y la sentencia.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.